Alfaz AHMED, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 01–71181.

INS No. A70–819–016.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 25, 2002.

Before B. FLETCHER, T.G. NELSON,
and TALLMAN, Circuit Judges.

## MEMORANDUM **

Alfaz Ahmed, a native and citizen of Bangladesh, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ") order denying his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we grant the petition for review.[1]

When the BIA conducts its own review of the record, this court reviews the decision of the BIA and not that of the IJ. *Sidhu v. INS*, 220 F.3d 1085, 1088 (9th Cir.2000). This court reviews for substantial evidence the BIA's determination that the petitioner has not established eligibili-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), replaced this section with a new judi-

cial review provision codified at 8 U.S.C. § 1252. Under IIRIRA's transitional rules, however, this new provision does not apply to proceedings initiated prior to April 1, 1997 that result in a final deportation order entered after October 30, 1996. We therefore continue to exercise jurisdiction over Ahmed's action under 8 U.S.C. § 1105a(a). IIRIRA § 309(c)(1); *Kalaw v. INS*, 133 F.3d 1147, 1150–51 (9th Cir.1997).

ty for asylum. *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000). The BIA's decision must stand unless "the evidence not only supports ... but compels" reversal. *Id.*

The BIA's determinations that Ahmed failed to establish past persecution and, in the alternative, that internal relocation was possible, are not supported by substantial evidence. *See Cordon–Garcia v. INS*, 204 F.3d 985, 991–93 (9th Cir.2000). The BIA correctly assumed the truth of Ahmed's testimony because the IJ did not make an explicit finding that Ahmed was untruthful. *See Aguilera–Cota v. INS*, 914 F.2d 1375, 1382–83 (9th Cir.1990).

■ Ahmed testified that he was an active member of the Jatiya party and that he and his family were beaten, shot at, and threatened with kidnaping and death on numerous occasions by members of the BNP, a hostile and adverse political enemy.

■ Because the record evidence compels the conclusion that Ahmed suffered past persecution on account of political opinion, he is entitled to the presumption that he has a well-founded fear of future persecution. *Cordon–Garcia*, 204 F.3d at 992. The INS can rebut this presumption if it shows, by a preponderance of the evidence, that country conditions have changed or that Ahmed could safely relocate within Bangladesh. *Id.* at 990. The INS did not satisfy its burden of proof and, consequently, Ahmed is eligible for asylum. *See id.* at 993. Ahmed has further met the "clear probability of future persecution" standard required for withholding of deportation. *Navas v. INS*, 217 F.3d 646, 663 (9th Cir.2000).

We therefore hold that Ahmed is statutorily eligible for asylum and withholding of deportation. *See id.* at 662–63. We grant the petition and remand to the BIA for the exercise of the Attorney General's discretion as to asylum and for the grant of withholding of deportation.

**PETITION GRANTED; REMANDED.**